■ In the Matter of MATTHEW J., Also Known as CHARLIE J., and Another, Children Alleged to be Neglected. PAUL V., Appellant.—Final order of disposition, Family Court, New York County (Sheldon M. Rand, J.), entered February 2, 1989, which, *inter alia,* terminated the parental rights of respondent to his sons and awarded custody and guardianship to the Commissioner of Social Services and petitioner for purposes of adoption, after fact-finding determinations on November 28, 1988 that he had permanently neglected the children, unanimously affirmed, without costs. The appeal from the order of November 28 is dismissed as superceded.

Respondent voluntarily placed his children in foster care on or about February 6, 1985 because he was allegedly unable to care for them due to the demands of his job. He was thereafter injured on the job, received outpatient therapy and used crutches for seven months. During this time, the Agency arranged for visitation at respondent's residence. Although the Agency always permitted unlimited, unsupervised visits, and gave respondent the foster parent's telephone number, respondent visited and telephoned the children only sporadically. During the 37 months of placement between February 1985 and the filing of the petition in March 1988, respondent visited the children approximately 17 times, with 12 of the visits during the first year of placement, and the remaining 5 visits during the third year of placement.

The credible evidence at the fact finding hearing demonstrated that petitioner had exercised diligent efforts to encourage a parent/child relationship, but that despite such efforts, respondent failed to maintain substantial contact with the children or plan for their return (Social Services Law § 384-b [7] [f]; *Matter of Sheila G.,* 61 NY2d 368, 373). Respondent failed to contact the Agency, or to perform the delineated tasks set forth in their agreement. Further, when his sole plan for the children, that they reside with his stepparents, proved unrealistic, he refused further all planning assistance. The testimony at the dispositional hearing established that the best interest of the children required termination of parental rights and adoption by the foster parents, with whom the children have lived since placement. (Family Ct Act §§ 623-624, 631.) There is no presumption that it is in the best interest of the children to be returned to the natural parent. *(Matter of Star Leslie W.,* 63 NY2d 136, 147-148.)

We have considered the remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Milonas, Ross, Asch and Kassal, JJ.